UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MIQUEL HARRIS,**

**Plaintiff,**

v.                                                                         Case No. _____

**OGLETHORPE, INC., d/b/a THE**
**BLACKBERRY CENTER,**

**Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MIQUEL HARRIS ("Harris" or "Plaintiff"), by and through her undersigned counsel, hereby files suit against Defendant, OGLETHORPE, INC. ("Oglethorpe" or "Defendant"), a Florida Corporation. In support thereof, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1. This is an action for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), and the Florida Civil Rights Act of 1992 ("FCRA"). This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S. Code § 1331. This Court also has supplemental jurisdiction over the state court claim pursuant to 28 U.S.C. § 1367, as that claim is so related to the federal claims in this action that they form part of the same case or controversy.

2. Venue is proper in this Court because the events underlying this Complaint took place in Osceola County, Florida.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Prior to the filing of this action, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Florida Commission on Human Relations ("FCHR").

4. More than 180 days have elapsed since the filing of the charge with the FCHR and therefore, Plaintiff is entitled to file suit under the FCRA.

5. Plaintiff also received a Notice of Right to Sue letter from the EEOC on February 9, 2021, indicating that she may proceed to Court. A true and correct copy of the Notice is attached as **Exhibit A**.

## PARTIES

6. Plaintiff is an African-American individual, over the age of eighteen (18), and a resident of the State of Florida.

7. Defendant Oglethorpe is a Florida corporation with its principal place of business in Tampa, Florida. At all times material to this action, Oglethorpe maintained an office doing business as The Blackberry Center, located at 91 Beehive Circle Drive, St. Cloud, Florida.

8. Oglethorpe is an "employer" subject to the provisions of Title VII and the FCRA and, at all relevant times, employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year.

## STATEMENT OF THE FACTS

9. Oglethorpe provides management solutions for health centers, wellness clinics, and hospitals that specialize in behavioral health and addiction recovery services throughout

the United States. One of the facilities run by Oglethorpe is The Blackberry Center, located at 91 Beehive Circle Drive, St. Cloud, Florida.

10. Harris was first hired by Oglethorpe on or about March 11, 2014, as a Recovery Assistant working at The Blackberry Center.

11. Harris was later promoted to HR Director. In that position, she was required to perform more duties than her position called for. In fact, she was expected to perform the duties of multiple positions simultaneously.

12. Harris requested a pay increase on several occasions, including making a specific request to Scott Price, COO of Oglethorpe, based on her experience and the increase in her job duties, but he denied her requests.

13. Harris was aware that several white employees who were less experienced and/or had fewer job duties, had received raises when Harris did not. These white employees include, but are not limited to, Marissa Anderson, Shannon A. (last name unknown), and Nora T. (last name unknown). Marissa Anderson received a raise on July 1, 2016.

14. On July 29, 2016, early in the morning, Harris sent an email to Robert King, Corporate Compliance Officer, complaining that she was being denied a raise based on her race.

15. Harris was terminated by the end of that same business day.

16. The reason given for her termination was "not following policy and procedure." However, Harris had never been disciplined for this reason.

17. A white female employee, Cathy Benson, routinely failed to follow policy and procedure but was not terminated.

18. As a direct and proximate result of the unlawful discrimination and retaliation to which Plaintiff was subjected, she has suffered damages, including the loss of compensation and benefits, mental anguish and emotional distress, and loss of enjoyment of life. She has also incurred and will continue to incur legal fees and costs associated with the vindication of her rights.

**COUNT I**
**TITLE VII – RACE DISCRIMINATION**

19. Plaintiff re-alleges and incorporates by reference herein the allegations contained in the preceding paragraphs, as if fully set forth herein.

20. This is a cause of action for unlawful race discrimination in violation of Title VII. Oglethorpe violated Title VII by intentionally discriminating against Harris on the basis of her race, African-American.

21. Harris, as an African-American, is a member of a protected class under Title VII.

22. Harris was qualified for her position as HR Director. She performed her job competently and met all of her employer's expectations. As such, she was a qualified member of a protected class.

23. Harris was subjected to an adverse employment action in contrast to similarly situated employees outside her protected class. During her employment as HR Director, she was paid less than white employees who were similarly situated in all material respects. She was also denied raises that were given to white employees who were similarly situated in all material respects.

24. As a direct and proximate result of this unlawful discrimination, Harris suffered damages, including the loss of compensation and benefits, mental anguish and emotional

4

distress, and loss of enjoyment of life. She has also incurred and will continue to incur legal fees and costs associated with the vindication of her rights.

WHEREFORE, Plaintiff demands judgment against Oglethorpe for back pay and other economic damages, front pay, compensatory damages, costs, and reasonable attorneys' fees, along with such other relief as this Court deems just and proper.

### COUNT II
### § 1981 – RACE DISCRIMINATION

25. Plaintiff re-alleges and incorporates by reference herein the allegations contained in the preceding paragraphs, as if fully set forth herein.

26. This is a cause of action for unlawful discrimination under 42 U.S.C. § 1981. Oglethorpe violated § 1981 by intentionally discriminating against Harris on the basis of her race, African-American.

27. Harris, as an African-American, is a member of a protected class under § 1981.

28. Harris was qualified for her position as HR Director. She performed her job competently and met all of her employer's expectations. As such, she was a qualified member of a protected class.

29. Harris was subjected to an adverse employment action in contrast to similarly situated employees outside the protected class. During her employment as HR Director, she was paid less than white employees who were similarly situated in all material respects. She was also denied raises that were given to white employees who were similarly situated in all material respects.

30. As a direct and proximate result of this unlawful discrimination, Harris suffered damages, including the loss of compensation and benefits, mental anguish and emotional

distress, and loss of enjoyment of life. She has also incurred and will continue to incur legal fees and costs associated with the vindication of her rights.

WHEREFORE, Plaintiff demands judgment against Oglethorpe for back pay and other economic damages, front pay, compensatory damages, costs, and reasonable attorneys' fees, along with such other relief as this Court deems just and proper.

**COUNT III**
**FCRA – RACE DISCRIMINATION**

31. Plaintiff re-alleges and incorporates by reference herein the allegations contained in the preceding paragraphs, as if fully set forth herein.

32. This is a cause of action for unlawful discrimination under the FCRA. Oglethorpe violated the FCRA by intentionally discriminating against Harris on the basis of her race, African-American.

33. Harris, as an African-American, is a member of a protected class under the FCRA.

34. Harris was qualified for her position as HR Director. She performed her job competently and met all of her employer's expectations. As such, she was a qualified member of a protected class.

35. Harris was subjected to an adverse employment action in contrast to similarly situated employees outside the protected class. During her employment as HR Director, she was paid less than white employees who were similarly situated in all material respects. She was also denied raises that were given to white employees who were similarly situated in all material respects.

36. As a direct and proximate result of this unlawful discrimination, Harris suffered damages, including the loss of compensation and benefits, mental anguish and emotional

distress, and loss of enjoyment of life. She has also incurred and will continue to incur legal fees and costs associated with the vindication of her rights.

WHEREFORE, Plaintiff demands judgment against Oglethorpe for back pay and other economic damages, front pay, compensatory damages, costs, and reasonable attorneys' fees, along with such other relief as this Court deems just and proper.

## COUNT IV
## TITLE VII – RETALIATION

37. Plaintiff re-alleges and incorporates by reference herein the allegations contained in the preceding paragraphs, as if fully set forth herein.

38. This is a cause of action for unlawful retaliation under Title VII. Oglethorpe violated Title VII by intentionally retaliating against Harris for engaging in protected conduct.

39. Harris engaged in protected activity by opposing the race discrimination she had been subjected to, which was an unlawful employment practice. On July 29, 2016, Harris made a written complaint to her employer that she was being denied a raise based on her race.

40. Harris suffered an adverse employment action when she was terminated the same day she engaged in protected activity.

41. There was a causal connection between the protected activity and the adverse employment action. The temporal proximity (i.e., less than 24 hours), and other circumstantial evidence, establish a causal connection between her complaint and her termination.

42. Oglethorpe's articulated reason for terminating Harris, that she had not followed policy or procedure, is false and retaliation is the real reason for her termination.

43. Furthermore, a white employee who had not engaged in protected activity as Harris had, was not required to follow policy and procedure and was not terminated when she

failed to do so. As such, Oglethorpe's articulated reason for terminating Harris is merely pretext and retaliation is the real reason.

44. Oglethorpe intentionally retaliated against Harris because of her opposition to Oglethorpe's unlawful and discriminatory employment practices, as set forth in the preceding paragraphs, in violation of Title VII.

45. As a direct and proximate result of this unlawful retaliation, Harris suffered damages, including the loss of compensation and benefits, mental anguish and emotional distress, and loss of enjoyment of life. She has also incurred and will continue to incur legal fees and costs associated with the vindication of her rights.

WHEREFORE, Plaintiff demands judgment against Oglethorpe for back pay and other economic damages, front pay, compensatory damages, costs, and reasonable attorneys' fees, along with such other relief as this Court deems just and proper.

## COUNT V
## § 1981 – RETALIATION

46. Plaintiff re-alleges and incorporates by reference herein the allegations contained in the preceding paragraphs, as if fully set forth herein.

47. This is a cause of action for unlawful retaliation under § 1981. Oglethorpe violated § 1981 by intentionally retaliating against Harris for engaging in protected conduct.

48. Harris engaged in protected activity by opposing the race discrimination she had been subjected to, which is an unlawful employment practice. On July 29, 2016, Harris made a written complaint to her employer that she was being denied a raise based on her race.

49. Harris suffered an adverse employment action when she was terminated the same day she engaged in protected activity.

50. There was a causal connection between the protected activity and the adverse employment action. Based on temporal proximity (i.e., less than 24 hours), and other circumstantial evidence, establish a causal connection between her complaint and her termination.

51. Oglethorpe's articulated reason for terminating Harris, that she had not followed policy or procedure, is false and retaliation is the real reason for her termination.

52. Furthermore, a white employee who had not engaged in protected activity as Harris had, was not required to follow policy and procedure and was not terminated when she failed to do so. As such, Oglethorpe's articulated reason for terminating Harris is merely pretext and retaliation is the real reason.

53. Oglethorpe intentionally retaliated against Harris because of her opposition to Oglethorpe's unlawful and discriminatory employment practices, as set forth in the preceding paragraphs, in violation of § 1981.

54. As a direct and proximate result of this unlawful retaliation, Harris suffered damages, including the loss of compensation and benefits, mental anguish and emotional distress, and loss of enjoyment of life. She has also incurred and will continue to incur legal fees and costs associated with the vindication of her rights.

WHEREFORE, Plaintiff demands judgment against Oglethorpe for back pay and other economic damages, front pay, compensatory damages, costs, and reasonable attorneys' fees, along with such other relief as this Court deems just and proper.

**COUNT V**
**FCRA – RETALIATION**

55. Plaintiff re-alleges and incorporates by reference herein the allegations contained in the preceding paragraphs, as if fully set forth herein.

56. This is a cause of action for unlawful retaliation under the FCRA. Oglethorpe violated the FCRA by intentionally retaliating against Harris for engaging in protected conduct.

57. Harris engaged in protected activity by opposing the race discrimination she had been subjected to, which is an unlawful employment practice. On July 29, 2016, Harris made a written complaint to her employer that she was being denied a raise based on her race.

58. Harris suffered an adverse employment action when she was terminated the same day she engaged in protected activity.

59. There was a causal connection between the protected activity and the adverse employment action. Based on temporal proximity (i.e., less than 24 hours), and other circumstantial evidence, establish a causal connection between her complaint and her termination.

60. Oglethorpe's articulated reason for terminating Harris, that she had not followed policy or procedure, is false and retaliation is the real reason for her termination.

61. Furthermore, a white employee who had not engaged in protected activity as Harris had, was not required to follow policy and procedure and was not terminated when she failed to do so. As such, Oglethorpe's articulated reason for terminating Harris is merely pretext and retaliation is the real reason.

62. Oglethorpe intentionally retaliated against Harris because of her opposition to Oglethorpe's unlawful and discriminatory employment practices, as set forth in the preceding paragraphs, in violation of the FCRA.

63. As a direct and proximate result of this unlawful retaliation, Harris suffered damages, including the loss of compensation and benefits, mental anguish and emotional distress, and loss of enjoyment of life. She has also incurred and will continue to incur legal fees and costs associated with the vindication of her rights.

WHEREFORE, Plaintiff demands judgment against Oglethorpe for back pay and other economic damages, front pay, compensatory damages, costs, and reasonable attorneys' fees, along with such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: May 6th, 2021.

**BURRUEZO & BURRUEZO, PLLC**

*/s/ Deborah E. Frimmel, Esq.*

DEBORAH E. FRIMMEL, ESQ.
Florida Bar Number 93970
deborah@burruezolaw.com
911 Outer Road
Orlando, Florida 32814
Office: 407.754.2904
Facsimile: 407.754.2905

Attorney for Plaintiff, Miquel Harris

4822-4391-3704, v. 1

# EXHIBIT A

EEOC Form 161-A (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

**To:** Miquel Harris
979 Tramells Trail
Kissimmee, FL 34744

**From:** Miami District Office
Miami Tower, 100 S E 2nd Street
Suite 1500
Miami, FL 33131

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2016-36294 | Donn Dernick, Investigator | (786) 648-5815 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Marissa Cosculluela
Digitally signed by Marissa Cosculluela
DN: cn=Marissa Cosculluela, o, ou=EEOC - Miami District Office, email=Marissa.Cosculluela@eeoc.gov, c=US
Date: 2021.02.09 07:26:59 -05'00'

02/09/2021

Enclosures(s)

for **BRADLEY A. ANDERSON,
Acting District Director**

(Date Issued)

cc: Oglethorpe, Inc
c/o Janet Goldberg McEnery, Esq.
Stearns Weaver Miller
401 E. Jackson St. Suite 2200
Tampa, FL 33602